**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| NATURAL PACK, INC., )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>SYNDICATE SALES, INC., DEL DEMAREE, JR., )<br>LAURA D. SHINALL, MICHAEL A. WILLIAMS, )<br>THOMAS C. LUNSFORD, GUY MARKUS, and )<br>DAVID C. CLARK, )<br>)<br>      Defendants. ) | Case No. 1:20-cv-00219-TWP-DLP |

**ORDER ON DEFENDANTS' MOTION FOR DEFAULT**
**AND TO DISMISS WITH PREJUDICE**

This matter is before the Court on the Motion for Default (Filing No. 179) and Motion to Dismiss with Prejudice (Filing No. 181) ("Sanctions Motion") filed by Defendants Syndicate Sales, Inc., Del Demaree, Jr., Laura D. Shinall, Michael A. Williams, Thomas C. Lunsford, David C. Clark, and Guy Markus (collectively, "Defendants"). Plaintiff Natural Pack, Inc. ("Natural Pack") initiated this action to assert claims for misappropriation of trade secrets, breach of contract, trademark and trade dress infringement, and other related claims against the Defendants. After Natural Pack failed to fulfill its discovery obligations, the Defendants filed their Sanctions Motion. For the following reasons, the Court **denies** the Sanctions Motion but **grants** an award of costs and attorney's fees to the Defendants.

## I.   BACKGROUND

To put it mildly, this case has been zealously litigated by both sides. On September 12, 2019, Natural Pack filed its original complaint in California state court, asserting nine claims against the Defendants (Filing No. 73-1 at 2). On October 15, 2019, the Defendants removed the

N/A

case to the U.S. District Court for the Central District of California (Filing No. 1). The Defendants then filed a motion to dismiss or in the alternative a motion to transfer venue, and the case was transferred to this U.S. District Court for the Southern District of Indiana on January 21, 2020 (Filing No. 53 at 2).

Natural Pack's claims center on a non-disclosure agreement and the misappropriation of trade secrets for stabilized moss and moss products. On June 22, 2020, the Court ruled on Defendants' partial motions to dismiss and dismissed all the claims brought against Syndicate Sales' officers and directors as well as all the claims that were preempted by the Uniform Trade Secrets Act (Filing No. 149 at 23). The claims remaining after the dismissal Order are: (1) violation of the Uniform Trade Secrets Act against Syndicate Sales and Markus, (2) breach of contract against Syndicate Sales, (3) violation of the Lanham Act against Syndicate Sales, and (4) violation of California statutory and common law trademark infringement against Syndicate Sales. *Id.*

Natural Pack had also moved the Court for the issuance of a preliminary injunction on its claims; however, on July 6, 2020, the Court denied Natural Pack's motion for preliminary injunction (Filing No. 150). That same day, Natural Pack filed the operative Amended Complaint, realleging the four surviving claims and adding Syndicate Sales' officers and directors as defendants as to the Uniform Trade Secrets Act claim (Filing No. 153 at 9). The Defendants promptly filed a motion to dismiss the sole claim against Syndicate Sales' officers and directors, which the Court denied (Filing No. 238).

During the course of the litigation, the Defendants served numerous discovery requests upon Natural Pack. On March 25, 2020, the Defendants served requests for production of documents; on April 10, 2020, Natural Pack requested an extension of time to serve discovery

responses, and the Defendants agreed to the requested additional two weeks. Natural Pack again requested an extension on May 1, 2020, this time for three weeks, and the Defendants again agreed. On May 29, 2020, Natural Pack contacted the Defendants and requested another extension. The Defendants agreed to another two-week extension for substantive responses.

On June 12, 2020, at the end of the last two-week extension, Natural Pack notified the Defendants that despite its obligation to do so, it would not be able to provide substantive responses to the Defendants' interrogatories. Natural Pack did not reference the delinquent document production. Counsel for the parties conferred regarding the discovery dispute on June 19, 2020. Natural Pack's counsel indicated he would provide responses to the Defendants' interrogatories on July 1, 2020, but he could not provide a date by which document production would begin. When interrogatory responses were provided, in several instances, Natural Pack's interrogatory responses referred to documents that would be produced in response to the Defendants' request for production of documents, rendering those interrogatory responses effectively meaningless.

On July 16, 2020, the parties, represented by counsel, participated in a discovery conference with the Magistrate Judge (Filing No. 169). Natural Pack acknowledged that it violated its discovery obligation, but provided no justification for its failure. Later that day, two of the attorneys for Natural Pack filed a motion to withdraw their appearances, (Filing No. 164), which was granted on July 17, 2020 (Filing No. 165). Also on July 17, 2020, the two remaining attorneys for Natural Pack filed their motion to their withdraw appearances (Filing No. 166), which was granted on July 22, 2020 (Filing No. 170), thereby leaving Natural Pack, a corporation, without attorney representation. The Court ordered Natural Pack to obtain counsel within fourteen days of the Order. *Id.* On August 4, 2020, Natural Pack filed a motion for additional time to obtain counsel (Filing No. 172), which the Court granted (Filing No. 174).

3

At a July 16, 2020 discovery conference, the Magistrate Judge ordered Natural Pack to fulfill its discovery obligations and respond to the Defendants' discovery requests. The production of documents was ordered to begin by August 3, 2020, and to be completed by August 14, 2020. Natural Pack did not comply with this Order.

Because Natural Pack failed to comply with the Court's discovery Order, and because it failed to produce any documents for almost five months, on August 18, 2020, the Defendants filed the pending Sanctions Motion ([Filing No. 179](); [Filing No. 181]()). On August 26, 2020, Natural Pack's present counsel entered their appearances ([Filing No. 182](); [Filing No. 185]()). On September 3, 2020, the parties, again represented by counsel, participated in a discovery conference with the Magistrate Judge ([Filing No. 193]()).

On November 17, 2020, Natural Pack filed a notice with the Court of its discovery efforts and production of documents ([Filing No. 213]()). On December 8, 2020, discovery was stayed in the case, and the discovery deadlines were vacated ([Filing No. 220]()). Thereafter, new discovery deadlines were established in the case ([Filing No. 222]()).

## II.   LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, the district court has discretion in directing the discovery process in litigation, and it has broad discretion in determining whether a discovery violation has occurred and warrants sanctions. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Rule 37 states,

> If a party or a party's officer . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
> . . .
>    (v) dismissing the action or proceeding in whole or in part;
>    (vi) rendering a default judgment against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b) additionally provides,

4

> Instead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

Once the party moving for sanctions has shown a failure to comply with a discovery order, district courts are guided by several factors in deciding whether to impose sanctions: (1) the offending party's culpability, (2) the prejudice or surprise to the party against whom the evidence is offered, (3) the ability of the party to cure the prejudice, and (4) the likelihood of disruption to the trial. *See David*, 324 F.3d at 857.

### III. DISCUSSION

In their Sanctions Motion, the Defendants ask the Court to enter default against Natural Pack and dismiss the case with prejudice as a sanction for Natural Pack's discovery violations. Defendants point out that some courts within the Seventh Circuit have held that there must be a finding of willfulness or bad faith before a default judgment can be entered as a sanction. However, other courts in this Circuit have not required such a finding. The Defendants argue that regardless of whether willfulness or bad faith must be shown, Natural Pack has acted willfully and in bad faith. They argue that Natural Pack's "open violation of discovery orders" supports a finding of bad faith. And their heir failure to comply with the Court's discovery Order is not the only instance of bad faith in this case. Defendants contend that Natural Pack has shown an ability to gather documents and present them where and when it suits its interests, but to not gather and present documents when it does not. For example, Natural Pack was able to review and produce information related to its sales and its purported trade secrets, as well as gather affidavits from purported customers who were allegedly confused by certain packaging in response to the Defendants' motion to dismiss and in support of Natural Pack's request to have the preliminary

5

injunction motion decided on the briefing. At the same time, Natural Pack has stonewalled the Defendants in their efforts to obtain documents to support their defenses and evaluate Natural Pack's claims. Natural Pack's history of producing information where it suits it, and refusing to produce information ordered by the Court, can only be described as a willful, knowing disregard of its discovery obligations in defiance of the Court's discovery Order.

The Defendants argue that Natural Pack's refusal to comply with the Court's Order has severely prejudiced their ability to defend this case. The Defendants cannot proceed with depositions, work with expert witnesses, or prepare a motion for summary judgment without these documents. The Defendants continue to have a multi-million dollar lawsuit hanging over them and continue to incur attorney's fees but are blunted by Natural Pack's dilatory conduct.

In response, Natural Pack argues the Defendants seek the most severe sanction possible—dismissal with prejudice of a plaintiff's case. *See Panwar v. Access Therapies, Inc.*, 2014 WL 820023, at *8 (S.D. Ind. Mar. 3, 2014). Default judgment, which can be imposed on defendants, is the equivalent of dismissal with prejudice, which can be imposed on a plaintiff, and such a sanction "should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Id.* Natural Pack points out that the Seventh Circuit has held that "[t]he drastic nature of a dismissal with prejudice requires the action to be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003). Natural Pack argues this case simply does not meet that standard.

In their defense, Natural Pack asserts the Magistrate Judge only orally ordered production of documents for the first time at the discovery conference on July 16, 2020. No written order to that effect was issued. Natural Pack explains that it does not suggest that it was free to ignore the

6

Magistrate Judge's oral Order simply because it was not in writing, but the absence of a written order may explain, in part, prior counsel's failure to appreciate the seriousness of the situation. Prior counsel moved to withdraw the day after the discovery conference and was granted leave to withdraw on July 22, 2020.  Thus, Natural Pack was without counsel between the date of the entry for the discovery conference, July 22, 2020, and August 26, 2020, when current counsel entered their appearances. That period of time included the dates that the Magistrate Judge orally set for production—August 3 to August 14, 2020.  Without counsel, Natural Pack was unaware of how to comply with the Magistrate Judge's oral Order.

Natural Pack explains that, since the appearance of new counsel on August 26, 2020, it has engaged in an extensive process of assembling documents for the collection, review, and production of documents responsive to the Defendants' extremely broad requests for production. Natural Pack officials have expended approximately 324 person-hours in doing so, and counsel have spent approximately another 70 person-hours on document production issues.  As a result, Natural Pack has produced 1,507 documents responsive to the Defendants' requests, totaling more than 8,000 pages, and it has identified more than 44,000 additional documents for review and potential production.

While Natural Pack recognizes that it did not comply with the Magistrate Judge's oral Order to produce and the deadline, it contends that failure is a result in part, of the withdrawal of prior counsel.  In addition, the delay was caused as result of the massive effort needed to produce electronic documents in the required format and designations consistent with the Court's protective order and the Defendants' incredibly broad requests.  Natural Pack argues this case simply does not involve the sort of egregious, repeated violations of discovery that is typically required for dismissal as a sanction.  It contends, on the very first failure to meet a court-ordered deadline, the

Defendants have asked the Court to impose the most severe sanction. Natural Pack argues such an extreme sanction is not warranted on these facts.

In reply, Defendants point out that Natural Pack failed to produce a single document in this lawsuit until September 14, 2020, more than one year after it filed its complaint. They contend that Natural Pack finally produced some documents the day before it filed its response in opposition to the Defendants' Sanctions Motion, in an apparent effort to create the impression that it has complied with its discovery obligations. Instead, Natural Pack has not complied with its obligations, and has further violated two Court Orders regarding its discovery responses as well as the Case Management Order. Natural Pack first refused to comply with the Court's production Order from the parties' July 16, 2020 discovery conference requiring the completion of Natural Pack's document production by August 14, 2202. Natural Pack then disregarded the Court's September 3, 2020 directive that Natural Pack would need to file a motion to seek additional time to produce any documents. However, instead of filing a motion, Natural Pack disregarded the Court's Order and produced approximately 8,000 pages of documents on September 14, 2020. Natural Pack proclaimed that it would take an additional two months to produce additional documents. Defendants argue that Natural Pack continues to set its own schedule with respect to its discovery responses contrary to this Court's orders. Natural Pack also has violated multiple deadlines in the Case Management Order with its self-proclaimed schedule for responding to the Defendants' discovery requests. Thus, the Defendants argue, Natural Pack's election to ignore the Court's Orders and simply proceed with discovery at its own pace demonstrates its complete and willful disregard for its discovery obligations and the Court's Orders, warranting the sanction of dismissal of this lawsuit.

Upon review of the litigation history and discovery process in this case, the Court agrees that Natural Pack's ignorance of their discovery obligations, refusal to produce any documents, and disobedience of the Court's discovery order is in no way acceptable. However, this case does not present a set of facts that are so egregious that dismissal with prejudice is warranted. There is no indication that Natural Pack destroyed, altered, or manipulated evidence, and it has not brazenly and repeatedly violated numerous discovery orders. Natural Pack's newly retained counsel promptly began responding to discovery requests and has produced numerous documents to the Defendants.

Natural Pack did not fulfill its discovery obligations, but there is no indication that its actions were in bad faith. While Natural Pack's failure to produce documents hindered the Defendants' ability to defend against the case for a time, it appears from the case docket that any prejudice has been cured by the extension of various discovery and other case management deadlines and by the production of numerous documents to the Defendants. Additionally, despite the delay, the Defendants have been able to file a dispositive motion.

Natural Pack was warned by the Magistrate Judge and opposing counsel that the lack of retained counsel would not excuse its failure to fulfill its discovery obligations. But the fact that Natural Pack was not represented by counsel during the time period for discovery set by the Magistrate Judge hampered its ability to respond effectively to discovery. On the other hand, there were a number of months after discovery had been served upon Natural Pack when it still was represented by counsel and could have produced documents. The Court takes these facts into consideration when determining that a sanction of expenses and attorney's fees against Natural Pack is warranted. The Court declines to dismiss Natural Pack's case as a discovery sanction; however, the Court **orders** Natural Pack to pay to the Defendants their "reasonable expenses,


including attorney's fees, caused by [its] failure." Fed. R. Civ. P. 37(b)(2)(C). Natural Pack has not shown that its failure to fulfill its discovery obligations and its failure to comply with the Court's discovery Order were substantially justified or that other circumstances make an award of expenses unjust.

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendants' Sanctions Motion (Filing No. 179; Filing No. 181). However, Natural Pack is **ORDERED** to pay to the Defendants their reasonable expenses, including attorney's fees, caused by Natural Pack's failure to fulfill its discovery obligations and its failure to comply with the Court's discovery Order. It is the Court's expectation that the parties can agree on an amount. Defendants may submit a statement of their *reasonable* expenses, including attorney's fees, for the Court's approval. Once approved, Natural Pack shall pay that amount **within thirty (30) days**. Natural Pack is forewarned that their failure to comply with this sanction, may result in additional sanctions.

**SO ORDERED.**

Date: 3/31/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Michael Wesley McBride
COHEN & MALAD LLP
mmcbride@cohenandmalad.com

Angeli Aragon
O'HAGAN MEYER
aaragon@ohaganmeyer.com

Scott Stuart Morrisson
KRIEG DEVAULT LLP
smorrisson@kdlegal.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Kevin Christopher Rasp
O'HAGAN MEYER LLC
krasp@ohaganmeyer.com

Daniel C. DeCarlo
LEWIS BRISBOIS BISGAARD AND SMITH LLP
dan.decarlo@lewisbrisbois.com

Thomas S. Kidde
LEWIS BRISBOIS BISGAARD AND SMITH LLP
thomas.kidde@lewisbrisbois.com

Donald E. Lake, III
LEWIS BRISBOIS BISGAARD AND SMITH LLP
tripp.lake@lewisbrisbois.com

John R. Terpstra
LEWIS, BRISBOIS, BISGAARD AND SMITH LLP
john.terpstra@lewisbrisbois.com

Brian C. Vanderhoof
LEWIS BRISBOIS BISGAARD AND SMITH LLP
brian.vanderhoof@lewisbrisbois.com

Clint D. Robison
O'HAGAN MEYER
crobison@ohaganmeyer.com