UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATURAL PACK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00219-TWP-DLP |
| | ) | |
| SYNDICATE SALES, INC., and | ) | |
| GUY MARKUS, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON MOTIONS *IN LIMINE*** 

This matter is before the Court on Motions *in Limine* filed by Plaintiff Natural Pack, Inc. ("Natural Pack") (Filing No. 307) and Defendants Syndicate Sales, Inc. ("Syndicate Sales") and Guy Markus ("Markus") (collectively, "Defendants") (Filing No. 304).  Natural Pack initiated this lawsuit to assert claims for misappropriation of trade secrets, breach of contract, trademark and trade dress infringement, and other related claims against the Defendants.  Natural Pack's claims center on a non-disclosure agreement and the misappropriation of trade secrets for stabilized moss and moss products.  Following motions to dismiss and the denial of a motion for preliminary injunction, the Court's Order on the Defendants' summary judgment motion further narrowed the claims for trial.  Natural Pack's Indiana Uniform Trade Secrets Act claim against Syndicate Sales and Markus as well as Natural Pack's Breach of Contract claim against Syndicate Sales are set to be tried by a jury on October 3, 2022.  The parties filed Motions *in Limine*, seeking preliminary rulings from the Court regarding the admissibility of certain evidence or arguments. For the following reasons, the parties' Motions are **granted in part and denied in part**.

## I. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion *in limine* weeds out evidence that is not admissible for any purpose." *Wash. Frontier League Baseball, LLC v. Zimmerman*, 2018 U.S. Dist. LEXIS 106108, at *10 (S.D. Ind. June 26, 2018).

## II. DISCUSSION

Natural Pack and the Defendants each have filed a Motion *in Limine*, asking for preliminary evidentiary rulings. The Court will first address Natural Pack's Motion and then turn to the Defendants' Motion.

**A.    Natural Pack's Motion *in Limine***

**i.**

Natural Pack first argues that any testimony or evidence that concerns the value, income, profits, or other financial status of any business or individual other than the parties to this lawsuit, including Uri Dolev and other businesses owned or managed by Uri Dolev should be excluded.

Natural Pack argues that such evidence and testimony is not relevant to the questions of the Defendants' liability and Natural Pack's damages, and it is unfairly prejudicial as it may influence the jury's decision in awarding damages to Natural Pack.

The Defendants respond that Natural Pack ignores the fact that its related companies are involved and used by it in this litigation. Natural Pack names its related company "Four Roses" in its financial and damages records, and it uses the name "Four Roses" when shipping its products through a common carrier. Natural Pack itself has intertwined certain related companies with this litigation and the claims made in this lawsuit as it relates to the moss business. Therefore, the Defendants object to this request because it is best resolved within the context of trial. Because the Court cannot at this stage determine that this evidence clearly is not admissible for any purpose, the Court **denies** this request and will defer ruling until it is within the context of trial.

### ii.

Next, Natural Pack argues that any testimony or argument should be excluded that demeans our system of civil litigation or demeans plaintiffs who pursue lawsuits within that system—such as comments like lawsuits are akin to playing the lottery or constitute jackpot justice—because such would be inflammatory and prejudicial to Natural Pack. These types of statements inflame the jury and appeal to the emotions, prejudices, and biases of jurors. The Defendants respond that they have no objection to this request, and the Court **grants** this Motion *in limine*.

### iii.

Similarly, Natural Pack asks the Court to exclude any testimony or argument about an overly litigious society. The Defendants respond that they have no objection to this request, and the Court **grants** this Motion *in limine*.

### iv.

Natural Pack asks the Court to exclude any testimony or argument about the engagement of Natural Pack's counsel, the amount of attorney's fees, or the suggestion that Natural Pack's counsel's fee is determined based on the outcome of this action because such is not relevant and would be unfairly prejudicial. The Defendants respond that they "cannot determine what a motion in limine to preclude testimony or argument 'concerning the engagement of Plaintiff's counsel' means in Plaintiff's Motion and thus object to this Motion *in limine* on that basis, but otherwise no objection." (Filing No. 316 at 2.) The Court concludes that testimony or argument regarding the attorney-client engagement and fee arrangement is irrelevant and inadmissible, and thus, the Court **grants** this request.

### v.

Next, Natural Pack asks the Court to exclude any testimony, evidence, or argument that a verdict against the Defendants may adversely impact them, their ability to maintain or improve their property/stores, their ability to provide services, their insurance rates, or the amount they would have to charge customers for goods and services. Natural Pack argues that such would be speculation and without foundation and such is irrelevant. The Defendants respond, "Assuming that this Motion in Limine is not construed to preclude evidence that Syndicate is departing the manufactured moss line of business, and that accordingly Guy Markus and certain Syndicate Sales' employees will no longer be in Syndicate's employ, no objection." *Id.* at 3. Because the Court concludes that testimony, evidence, or argument about the potential impact of a verdict is not relevant and is speculative, the Court **grants** this Motion *in limine*.

### vi.

Natural Pack asks that testimony or argument about settlement offers, discussions, and negotiations be excluded pursuant to Rule 408. The Defendants respond, "No objection. Defendants have submitted a similar Motion in Limine." *Id*. The Court **grants** this request as such evidence is inadmissible under Rule 408.

### vii.

"Defendants should be precluded from introducing evidence of a witness's specific acts of conduct to attack their credibility. See Fed. R. Evid. 608." (Filing No. 307 at 4.) In response, the Defendants state, "Objection until Plaintiff explains what specific acts of conduct Plaintiff is referencing. Plaintiff's Motion in Limine is vague and ambiguous. Federal Rule of Evidence 608 is more nuanced than Plaintiff states here." (Filing No. 316 at 3.) The Defendants' objection is well-taken. Rule 608 is not an absolute blanket exclusion, and because the Court cannot at this stage determine that this non-specific, vague evidence clearly is not admissible for any purpose, the Court **denies** this request.

### viii.

Natural Pack next asks the Court to prohibit any argument or suggestion that the Defendants are "good people," of "good character," or perform "good acts" because such is inadmissible character evidence under Rule 404. Natural Pack contends that such evidence or argument is irrelevant and unfairly prejudicial.

In response, the Defendants explain that Rule 404 does not prohibit the Defendants from humanizing a corporate client or individual defendants in general. In general, defendants have long pointed to their good qualities at trial on a limited basis subject to court discretion. Furthermore, Rule 404 largely deals with character evidence in criminal trials, and the only

5

applicable section of Rule 404 to civil trials explains that evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. In this case, any evidence to introduce the Defendants, to humanize the Defendants, or to show the Defendants' good qualities would not be for the purpose of proving that the Defendants acted in accordance with the character or trait in opposing Natural Pack's breach of contract and trade secrets claim.

At this stage of the litigation, with no specific evidence or testimony being challenged, the Court cannot determine that such evidence clearly is not admissible for any purpose, so the Court **denies** this request, and such objections should be raised during trial so that foundation, relevancy, and prejudice may be resolved in context.

### ix.

Next, Natural Pack suggests, "Any indication that the Defendants will have to pay any judgment that may be entered in the case, especially since they are insured against liability, should be barred as it is not relevant to the issue in this case. *See* Fed. R. Evid. 401 and 402." (Filing No. 307 at 5.) The Defendants object on the basis that this request is "confusing, vague and ambiguous," and "fails to specifically identify the evidence Plaintiff seeks to exclude, and fails to include the factual background and argument necessary to resolve the Motion." (Filing No. 316 at 4.) Again, at this stage, with no specific evidence or testimony being challenged, the Court cannot determine that such evidence clearly is not admissible for any purpose, so the Court **denies** this request, and such objections should be raised during trial so that foundation, relevancy, and prejudice may be resolved in context.

### x.

Natural Pack next suggests,

> Any reference or suggestion that any recovery by the Plaintiff would be free from federal and state income taxes should be barred as it is not relevant to the questions of Defendants' liability and Plaintiff's damages. *See* Fed. R. Evid. 401 and 402. It is also unfairly prejudicial as it may influence the jury's decision in awarding damages to the Plaintiff. *See* Fed. R. Evid. 403.

([Filing No. 307 at 6](#).) The Defendants respond that they do not object to this request. The Court concludes that evidence or argument that any recovery by Natural Pack would be free from federal and state income taxes would be irrelevant and inadmissible, and thus, the Court **grants** this request.

### xi.

Natural Pack contends, "Any suggestion by defense counsel as to their personal belief concerning the credibility of any witness on the merits of Plaintiff's claims, injuries or damages is irrelevant and improper and should be barred." *Id.* In response, the Defendants assert, "Plaintiffs cite no Federal Rule of Evidence or case law in support of its request that defense counsel not state its belief as to the credibility of Plaintiff's witnesses or claim." ([Filing No. 316 at 5](#).) Furthermore, "Defense counsel has every right, and certainly intends to, argue in closing argument and to show during cross-examination that Plaintiff, Plaintiff's witnesses, and Plaintiff's claim are not credible." *Id.* At this stage, the Court cannot determine that such argument or cross-examination is clearly not permissible, so the Court **denies** this request, and such objections should be raised during trial.

### xii.

Next, Natural Pack asks the Court to prohibit any argument or comments about Natural Pack's decision not to call witnesses equally available to all parties in the case. The Defendants respond that they have "[n]o objection on the condition it applies equally to both Plaintiff's and Defendants' decision to call or not call any witnesses. This proposed Motion is consistent with the proposed Jury Instructions submitted by both parties." *Id.* This request is consistent with

Instruction No. 1.18 of the Federal Civil Jury Instructions of the Seventh Circuit regarding the absence of evidence. The Court **grants** this request, noting that it applies to both parties.

### xiii.

Natural Pack also asks the Court to prohibit any argument or comments about the fact that it filed this Motion *in Limine* because such would be unfairly prejudicial. The Defendants similarly respond that they have no objection as long as it applies equally to both parties. The Court agrees with the parties that mentioning to the jury the fact that motions *in limine* were filed would be irrelevant and risk undue prejudice, and thus, the Court **grants** this request.

### xiv.

Natural Pack asks the Court to prohibit the "Defendants from referencing, mentioning, or stating to the jury the probable testimony of a witness who is absent, unavailable, or not called to testify in this matter at trial. Such reference is pure speculation and would confuse the jury." (Filing No. 307 at 8.) The Defendants respond that they do not object to this request, and the Court **grants** the request as such would call for inadmissible speculation.

### xv.

"The Plaintiff further moves that the Defendants be ordered to instruct their witnesses to comply with the Court's Order on motions in limine in this case." *Id.* In response, the Defendants note, "Objection. This Motion is repetitive and unnecessary. The Court's very granting of any Motions in Limine satisfies Plaintiff's request." (Filing No. 316 at 6.) The Court agrees with the Defendants that this request is unnecessary, and it falls outside the purposes of a motion *in limine*; therefore, the Court **denies** this request.

### **xvi.**

Lastly, Natural Pack asks the Court

> to close the trial to the public and instruct witnesses, court staff, members of the jury, and others permitted to be in the trial that any discussion of trade secrets during the course of the trial shall be kept strictly confidential and should not be shared with others absent the Court holding otherwise.

(Filing No. 307 at 8.) Natural Pack acknowledges that there is a general right of public access to the courts and judicial proceedings, but it argues there are exceptions to this general right such as when a party seeks to protect its "commercially sensitive information, such as trade secrets, from public disclosure." *Lifenet Health v. Lifecell Corp.*, 2015 U.S. Dist. LEXIS 181315, at *4 (E.D. Va. Jan. 9, 2015) (citing *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978)).

Natural Pack contends that a decision by the Court to keep Natural Pack's trade secrets confidential and restricted from public access would be consistent with the protective Order entered in this case and the prior Orders permitting filings to be filed under seal. Because Natural Pack would be irreparably harmed by the disclosure of its trade secrets if the public were permitted to attend the trial and the right of public access is not absolute, the Court should close the trial to the public and prohibit those in attendance from disclosing any confidential trade secrets.

The Defendants object to this request:

> There are no trade secrets. It has not yet been proven there are any trade secrets. Nevertheless, notwithstanding this objection, if there are certain portions of the trial or testimony where Plaintiff believes that trade secrets will be discussed, Plaintiff's counsel may request outside the presence of the jury that the Court close the trial room to the public for that particular time. Defendants object to closing the trial for the entirety of the trial and, importantly, Defendants object to Plaintiff's counsel requesting the Court close the trial to the public in the jury's presence. Closing the trial to the public for the entirety of the trial, and requesting that the Court be closed in the presence of the jury, will unfairly prejudice Defendants because it may lead to a jury inference that what is being discussed is in fact trade secret information. Defendants object to instructing the jury at the onset of the trial that discussion of alleged trade secrets should be kept confidential for the same reason. And, it is repetitive and cumulative in the sense that the Court's preliminary

>instructions already advise the jury they are not to discuss the trial evidence with anyone outside the jury room.

(Filing No. 316 at 6–7.)

The Virginia case upon which Natural Pack relies for its position that the trial should be closed to the public also states that it may be appropriate to "approve[] of partial sealing of court proceedings when trade secrets will be disclosed, but such sealing should be limited to only those portions necessary to prevent the disclosure of trade secrets." *Lifenet Health*, 2015 U.S. Dist. LEXIS 181315, at *4 (internal citation and quotation marks omitted). The Court agrees with the Defendants and with *Lifenet Health* in that a blanket closure of the trial to the public is not appropriate and could be unfairly prejudicial to the Defendants. The Court **denies** this request from Natural Pack. Any request to close specific portions of the trial to the public should be made outside the presence of the jury.

**B.    Defendants' Motion *in Limine***

**i.**

The Defendants first argue that any testimony, evidence, or comments that Natural Pack, Uri Dolev, or any witness received threats should be excluded because it is irrelevant and would confuse the jury and also because Uri Dolev refused to provide concrete information about any threats to himself or any undisclosed witness. Natural Pack responds that it fully cooperated in discovery and did disclose the identity of the person making threats and also produced the police report in discovery. However, Natural Pack explains, it does not intend to present evidence regarding the physical threats toward Uri Dolev or any other Natural Pack employee and, therefore, does not object to the Defendants' request. The Court concludes that evidence and testimony regarding these physical threats and the police report are not relevant to this case, and, therefore, the Court **grants** this request to exclude such evidence and testimony.

### ii.

Next, the Defendants ask the Court to limit the testimony and evidence regarding the trade secrets claim subject matter to those categories that were specifically claimed and disclosed by Natural Pack during discovery and the summary judgment proceedings: (1) the chemical formula for Natural Pack's treatment of its stabilized moss; (2) Natural Pack's proprietary machinery for applying its chemical compound to its stabilized moss; (3) Natural Pack's tools and techniques for applying its chemical compound and drying moss; and (4) Natural Pack's supplier, customer, and production partner information. The Defendants argue that the Court granted summary judgment on the trademark/trade dress infringement claims, so Natural Pack should not be able to present evidence concerning those dismissed claims and the associated products at issue in those claims such as the SuperMoss logo, catalogs, and products manufactured in China. These matters are not relevant and would confuse the jury.

Natural Pack responds,

> Defendants seek to improperly exclude an entire category of products – finished goods manufactured in China – from the Plaintiff's claims for trade secret misappropriation under the flawed assumption that these products were somehow only at issue under the Plaintiff's trademark/trade dress claims, which were removed from the case under the Court's order on Defendants' motion for summary judgment.

(Filing No. 321 at 2.) Natural Pack continues, "There is no basis for the sweeping conclusion that Syndicate's 'products manufactured in China' were only at issue under the Plaintiff's trademark and trade secret claims, and no reason to exclude those finished products from the Plaintiff's claims for trade secret damages." *Id.* Natural Pack argues that the finished products are relevant to its remaining trade secrets claim and breach of contract claim, so there is no basis to exclude this entire category of evidence *in limine*.

11

The Court agrees with Natural Pack regarding relevancy and admissibility and concludes that, at this stage of the litigation, it cannot be determined that such evidence clearly is not admissible for any purpose.  Thus, the Court **denies** this request, and such objections should be raised during trial so that foundation, relevancy, and prejudice may be resolved in context.

### iii.

The Defendants next ask the Court to limit or prohibit testimony, evidence, and arguments about Markus' OneDrive Folder that was discovered on his computer.  The Defendants argue that evidence regarding the forensic retrieval and analysis of the contents of the OneDrive Folder should be excluded as well as any and all documents and information obtained from the OneDrive Folder.  They ask that testimony from any witness about the existence and contents of the OneDrive Folder be limited to personally observed facts after Markus left Natural Pack's employ.  The Defendants argue that Natural Pack utilized a computer expert to analyze Markus' computer and OneDrive Folder, but it did not list the computer expert on its witness list, nor did it provide an expert report or disclose him as an expert for trial.  Thus, the Defendants contend, Natural Pack cannot call the computer expert to testify during trial, and it cannot utilize lay witnesses to testify as to matters within the realm of expert testimony.

In response, Natural Pack acknowledges that it chose not to list their computer expert on its witness list or in its expert disclosures.  However, Natural Pack contends, other individuals have personal knowledge about the existence and contents of the OneDrive Folder that is not based upon expert knowledge, experience, or training, and these witnesses should be able to testify as to their firsthand knowledge.

The Court **grants in part and denies in part** this request.  The Court will allow witnesses to testify concerning their personal knowledge of the OneDrive Folder and its contents.  The

Defendants' properly disclosed expert witness may testify (and Natural Pack may cross-examine the expert witness) concerning the OneDrive Folder and its contents.  However, lay witnesses will not be permitted to testify regarding matters that fall within the province of expert testimony.  The parties should not attempt to elicit expert testimony from lay witnesses; however, the parties should be prepared to raise objections to such attempts if they occur during trial.

### iv. and v.

The Defendants ask the Court to prohibit testimony from Uri Dolev that Markus communicated Natural Pack's trade secrets to Del Demaree, David Clark, and Michael Williams. The Defendants assert that Uri Dolev testified during his deposition that somebody told him that Markus shared trade secrets with Del Demaree, David Clark, and Michael Williams, but Uri Dolev would not testify as to who told him that information.  The Defendants argue that such testimony should be excluded because it is hearsay and without foundation.

Natural Pack responds that the Defendants' argument provides only a portion of the deposition testimony without the full context.  Natural Pack asserts that Uri Dolev knows Markus shared trade secrets based on how quickly Syndicate Sales grew, information contained on Markus' resume that he used to become employed by Syndicate Sales, and a statement on Markus' old work computer. Natural Pack agrees that, to the extent Uri Dolev's testimony constitutes hearsay or lacks foundation, it should be excluded.

The Court **grants in part and denies in part** these requests. The Court will not allow hearsay or foundationless testimony during trial; however, as to anticipated testimony not presently before the Court, these requests are **denied** so that foundation, relevancy, and admissibility may be resolved in context during trial.

**vi.**

Next, the Defendants ask the Court to prohibit any testimony or argument that Markus' experience working with moss products while employed by Natural Pack constitutes a trade secret. The Defendants argue that "an employer is not entitled to protection from an employee's use of his knowledge, skill, or general information acquired or increased through experience or instruction while in the employment." *Brunner v. Hand Indus., Inc.*, 603 N.E.2d 157, 160 (Ind. Ct. App. 1992).

Natural Pack responds,

> Defendants selectively quoted *Brunner* . . . . Importantly, the Defendants omitted a more thorough analysis: "[a]lthough an employer has a protectible property interest in the good will of his business (***including secret or confidential information***), the same is not true regarding the ***general*** knowledge, information, or skills gained by the employee in the course of his employment." *Id.* at 160. As the Court held in *Licocci v. Cardinal Associates, Inc.*, a case cited in the *Brunner* opinion, "the potential use by a former employee of acquired knowledge, skill and information (***except trade secrets and confidential information***) will not justify a restraint."

([Filing No. 321 at 9](#)–10) (emphasis in original).

While Markus' work experience at Natural Pack does not constitute trade secrets, his work experience at Natural Pack could have led him to learn trade secrets, so the Court will not prohibit all testimony regarding Markus's work experience at Natural Pack because such evidence is relevant to the claims. Therefore, this request is **denied**.

**vii.**

The Defendants assert that all references, argument, and evidence pertaining to the size or location of their attorneys' law firms should be precluded at trial because such information is not relevant and could be unfairly prejudicial. Natural Pack responds that it has no intention of eliciting any testimony or presenting any evidence related to the size or location of the Defendants'

14

attorneys' law firms, and it does not object to this request. As this testimony or argument is irrelevant and could be unfairly prejudicial, and with no objection, the Court **grants** this request.

### viii.

The Defendants next argue that references to Syndicate Sales' wealth or references to Natural Pack's lack of wealth or comparatively lower financial status are unfairly prejudicial, so any such references should be excluded. The Defendants assert the economic wealth of a defendant is only relevant for purposes of determining an award for punitive damages, and Syndicate Sales' wealth and Natural Pack's comparative wealth are not relevant to any material issue in this lawsuit. Such evidence would unfairly prejudice the jury and invite them to reach a verdict based upon emotion rather than the evidence.

In response, Natural Pack points out that it will not present evidence about the relative wealth of Syndicate Sales and Natural Pack for the purpose of suggesting that Syndicate Sales' wealth alone is reason to find it liable; however, financial information is relevant to damages. Furthermore, Syndicate Sales' size, available funding, and existing distribution channels are relevant to its ability to quickly capitalize on Natural Pack's trade secrets, unjustly enrich itself, and damage Natural Pack. Natural Pack's relatively small size is relevant to the reasonableness of the steps it took to protect its trade secrets.

Because the Court cannot at this stage determine that this evidence clearly is not admissible for any purpose, the Court **denies** this request so that foundation, relevancy, prejudice, and admissibility may be resolved in context during trial.

### ix.

Next, the Defendants assert that a "golden rule" argument is one in which the jury is asked to put itself in the plaintiff's shoes, citing *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226,

1246 (7th Cir. 1982), and courts have consistently held that golden rule arguments are improper because they ask jurors to "depart from neutrality and to decide the case on a basis of personal interest and bias rather than on the evidence." *Id*.  Natural Pack does not object to this request, and the case law is clear and firmly established that golden rule arguments are not permissible at trial.  Therefore, the Court **grants** this request, and the parties will not be permitted to present at trial any golden rule arguments.

### **X.**

The Defendants next ask the Court to preclude any argument, testimony, or opinions about the Defendants' ethical or moral obligations different from that required by the law.  They explain that they anticipate Natural Pack to elicit testimony from witnesses about their opinions of the Defendants' ethical or moral obligations and how they breached those obligations.  Such opinions would be unfairly prejudicial, confusing and misleading to the jury, and irrelevant.

> [Natural Pack] objects to Defendants['] Motion in Limine 10 because it is overly broad, lacks specificity as to what testimony Defendants believe[] would be covered, seeks to limit witness testimony, and seeks to improperly limit the Plaintiff and their counsel on how to prosecute its case. . . .  Plaintiff agrees a witness should not be allowed to testify as to ethical or moral obligations that differ from the law, however, testimony related to a witness's perception of Defendants ethics or morality and the effects, results, or actions taken due to those perceptions should be allowed under Rule 701.

(Filing No. 321 at 12.)

This request is **granted in part and denied in part**.  The Defendants ask for preclusion of argument, testimony, or opinions about the Defendants' ethical or moral obligations that differ from that required by the law, and Natural Pack agrees that a witness should not be allowed to testify as to ethical or moral obligations that differ from the law.  Therefore, this request is **granted** in that argument, testimony, or opinions about ethical or moral obligations that differ from that required by the law will not be permitted.  However, the Court will not *in limine* issue a blanket

prohibition against all testimony concerning ethical or moral obligations and conduct because some such testimony may be relevant and admissible.

**xi.**

The Defendants ask for the preclusion of evidence and argument that

> Syndicate was or may have been insured under a policy of insurance covering any of the damages arising out of this matter. Such insurance is not material to any issue being tried herein, and evidence respecting insurance would prejudice the jury against Syndicate and prevent them from receiving a fair trial. Federal Rule of Evid. 411 states that "a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Courts have long recognized this rule, holding that evidence of a defendant's insurance coverage pertaining to the matter being litigated is inadmissible. *See, e.g., Miller v. Alvey*, 207 N.E.2d 633 (Ind. 1965).

(Filing No. 304 at 20.)

In response, Natural Pack explains,

> Plaintiff agrees that evidence or argument mentioning that Defendants may have insurance covering their liability in this case is improper. Not all references to insurance, however, fall within this definition. For example, the facts in this matter include that Syndicate's facilities for manufacturing moss were damaged or destroyed by fire. The availability of property and business interruption insurance to cover that loss is relevant to Syndicate's ongoing profits from moss production as well as its ability to resume production. This is not evidence of "liability" insurance and should not be barred. With this clarification, Plaintiff does not oppose this motion in limine.

(Filing No. 321 at 13.)

As insurance coverage evidence generally is irrelevant and inadmissible, the Court **grants** this request to exclude evidence of liability insurance coverage. However, if Natural Pack believes during the course of the trial that it has such evidence that becomes relevant and is otherwise admissible, counsel may address this issue outside the presence of the jury.

**xii.**

Like Natural Pack, the Defendants ask that testimony or argument about settlement offers, discussions, and negotiations be excluded pursuant to Rule 408. Natural Pack responds that it does not object to this request. This request is **granted**.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Natural Pack's Motion *in Limine* (Filing No. 307), and **GRANTS in part and DENIES in part** the Defendants' Motion *in Limine* (Filing No. 304). An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:   9/9/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Scott D. Gilchrist
COHEN & MALAD LLP
sgilchrist@cohenandmalad.com

Michael Wesley McBride
COHEN & MALAD LLP
mmcbride@cohenandmalad.com

Brett Barrett Thomas
COHEN & MALAD LLP
bthomas@cohenandmalad.com

Kevin Christopher Rasp
O'HAGAN MEYER LLC
krasp@ohaganmeyer.com

Clint D. Robison
O'HAGAN MEYER LLC
crobison@ohaganmeyer.com

Daniel C. DeCarlo
LEWIS BRISBOIS BISGAARD & SMITH LLP
dan.decarlo@lewisbrisbois.com

Amy Theresa Johnson
LEWIS BRISBOIS BISGAARD & SMITH LLP
amy.johnson@lewisbrisbois.com

Scott Stuart Morrisson
KRIEG DEVAULT LLP
smorrisson@kdlegal.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Angeli Aragon
O'HAGAN MEYER LLC
aaragon@ohaganmeyer.com

Thomas S. Kidde
LEWIS BRISBOIS BISGAARD & SMITH LLP
thomas.kidde@lewisbrisbois.com

Donald E. Lake, III
LEWIS BRISBOIS BISGAARD & SMITH LLP
tripp.lake@lewisbrisbois.com

John R. Terpstra
LEWIS BRISBOIS BISGAARD & SMITH LLP
john.terpstra@lewisbrisbois.com

Brian C. Vanderhoof
LEWIS BRISBOIS BISGAARD & SMITH LLP
brian.vanderhoof@lewisbrisbois.com